**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cr-80050-DMM**

**UNITED STATES OF AMERICA**

**v.**

**HENRY PAUL DEMARCO,**

**Defendant.**
_______________________________________/

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this sentencing memorandum in advance of Defendant's sentencing hearing. After considering the advisory Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553(a), the nature and circumstances of the offense, Defendant's history and characteristics, and the victim's impact statement, the United States respectfully recommends that the Court impose a sentence of three months' imprisonment, followed by an appropriate term of supervised release and such other conditions as the Court deems appropriate.

## I. THE ADVISORY GUIDELINE RANGE

The Presentence Investigation Report ("PSR") calculates Defendant's advisory guideline range at 0 to 6 months of imprisonment, based on an offense level of 6 and a Criminal History Category of I.

The PSR begins with a base offense level of 12 under U.S.S.G. § 2A6.1. It then applies a four-level reduction under § 2A6.1(b)(6) because the offense involved a single instance evidencing little or no deliberation, as well as a two-level reduction for acceptance of responsibility. The resulting offense level is 6, producing an advisory guideline range of 0 to 6 months.

The United States does not object to the PSR's calculation. Because the applicable range falls within Zone A of the Sentencing Table, probation is an available sentencing option. The Guidelines therefore do not resolve whether probation or incarceration is appropriate; that determination must be made after considering the factors set forth in 18 U.S.C. § 3553(a).

The United States respectfully submits that, after considering those factors, a sentence of three months' imprisonment is warranted.

## II. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE SUPPORT INCARCERATION

This case involved an explicit threat to kill an identifiable victim.

On September 19, 2025, at approximately 4:20 p.m., the victim received a telephone call that went to his office voicemail. The call originated from the telephone number associated with Defendant. The voicemail stated:

> "This message is for n****r [Victim's last name]. You fucking son of a bitch, we're going to blow your black head off. Cock sucker."

The communication was a direct threat to kill the victim and was accompanied by an explicit racial slur directed at him.

The United States recognizes that the racial nature of the communication does not constitute a separate offense and is not being offered as a separate Guidelines enhancement. It is nevertheless relevant to the nature and circumstances of the offense under § 3553(a)(1). Defendant did not merely communicate an offensive or insulting message. He threatened the victim with lethal violence while directing an explicit racial epithet at him.

The circumstances following the charged communication also provide relevant context. On September 21, 2025, Defendant traveled from Georgia to South Florida. On September 22, 2025, the telephone number associated with Defendant placed a call to the victim's business telephone

number while the phone was located in Delray Beach, Florida. The call did not result in communication between Defendant and the victim. The United States does not contend that this call constituted an additional threat. Rather, the Government submits that Defendant's attempt to contact the victim after traveling to South Florida is relevant context in assessing the circumstances surrounding the offense.

Defendant also placed a call to the Palm Beach County School Board. Again, the United States does not contend that this call itself constituted a separate threat or offense. It is relevant, however, to the broader circumstances surrounding Defendant's conduct and the impact that the incident had on the victim's professional environment.

The United States does not rely on these subsequent calls to establish that Defendant intended to carry out the threat. Rather, the Government presents them as objective facts for the Court's consideration in determining the appropriate sentence under § 3553(a).

**III. THE THREAT HAD A SIGNIFICANT AND CONCRETE IMPACT ON THE VICTIM**

The United States has submitted the victim's written victim impact statement as Government's Exhibit 1 (attached).

The victim is a Palm Beach County School Board Member and public official. Following the threat, the victim's sense of personal safety and his ability to carry out his normal professional and personal activities were substantially affected.

After reporting the threat to law enforcement, the victim returned home and remained there for three days because he feared for his safety. Even after leaving his home, he continued to experience significant anxiety because he did not know the identity of the person who had threatened to kill him.

The uncertainty surrounding the identity of the person responsible caused the victim to view ordinary encounters with strangers differently. He questioned whether people he encountered in public might be the person who had threatened him and whether that person might follow through on the threat.

The consequences extended to the victim's professional life. The victim became afraid to park his vehicle at his office, requested transportation from security personnel, and ultimately stopped going to his office.

The victim also purchased a firearm for his protection. He informed his family that he had been threatened and described losing the sense of freedom and security that he previously experienced in his daily life.

The victim's statement therefore demonstrates that Defendant's conduct was not a fleeting inconvenience or an abstract threat. It materially altered the victim's daily routine, professional activities, sense of security, and family life.

These consequences are properly considered under § 3553(a)(1), which requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

**IV. DEFENDANT'S MITIGATING CIRCUMSTANCES**

The United States has carefully considered the substantial mitigating circumstances identified by Defendant.

Defendant is 65 years old. His criminal history is limited and remote and consists of a 1980 DUI conviction, a 1987 adjudication for drinking in public, and a 2010 conviction for boating under the influence. These offenses are unrelated to the instant offense and do not result in

criminal-history points under the Guidelines. Defendant is therefore in Criminal History Category I.

The United States also recognizes that Defendant accepted responsibility for his conduct and received a two-level reduction for acceptance of responsibility.

In addition, Defendant has completed an anger-management program, undergone a psychological evaluation, and sold his firearms. The defense has also provided information concerning Defendant's sobriety, participation in Alcoholics Anonymous, substance-abuse treatment, counseling, negative alcohol screens, community service, and other rehabilitative efforts.

The United States does not minimize these efforts. They are meaningful mitigating circumstances and demonstrate that Defendant has taken substantial steps since the offense to address issues that contributed to his conduct.

The United States also recognizes that the evidence does not establish that Defendant took physical steps to carry out the threat. The four-level reduction under § 2A6.1(b)(6) for a single instance evidencing little or no deliberation appropriately accounts for that circumstance. The United States has given substantial weight to this mitigating factor in recommending a sentence of three months rather than a sentence at the upper end of the advisory range.

## V. THE DEFENDANT'S EXPLANATION FOR THE OFFENSE DOES NOT WARRANT PROBATION

Defendant's sentencing memorandum attributes his conduct, in part, to the highly emotional circumstances surrounding public reaction to the assassination of Charlie Kirk and to statements made publicly by the victim concerning Mr. Kirk. (D.E. 30).

The United States does not dispute that individuals may strongly disagree with public statements made by elected officials. Nor does the United States suggest that citizens are prohibited

from criticizing, protesting, or expressing outrage concerning statements made by a public official. But disagreement with a public official's speech does not justify threatening that official with lethal violence.

The United States respectfully submits that the Court need not determine whether the victim's public statements were appropriate, offensive, controversial, or otherwise. Those questions are not before the Court at sentencing. The relevant question is what Defendant did in response.

People may protest. They may criticize. They may organize. They may express anger. They may strongly condemn a public official's statements. What they may not do is threaten to kill that official.

That distinction is particularly important here because Defendant's conduct crossed the line from protected expression into criminal conduct. His response was not merely criticism or protest. It was a direct threat to kill an identifiable person, accompanied by an explicit racial slur. The United States respectfully submits that the context offered by Defendant may explain, but does not justify, his conduct and does not eliminate the need for a meaningful sentence.

**VI. THE § 3553(a) FACTORS SUPPORT A THREE-MONTH SENTENCE**

Section 3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary, to accomplish the purposes of sentencing. Those purposes include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and providing appropriate treatment.

The United States submits that three months' imprisonment appropriately balances the competing considerations in this case.

**A. Seriousness of the offense**

The offense involved an explicit threat to kill an identifiable person. The threat was accompanied by an explicit racial slur directed at the victim.

The United States is not asking the Court to impose a sentence based solely upon the offensive nature of the language. Rather, the racial language is part of the manner in which Defendant communicated the threat and is relevant to the Court's assessment of the seriousness and circumstances of the offense.

**B. Deterrence and respect for the law**

Threats against public officials have consequences beyond the individual victim. Public officials must be able to perform their duties without being subjected to threats of lethal violence.

The United States recognizes the importance of allowing citizens to criticize government officials and to engage in peaceful protest. But the exercise of those rights cannot include threatening to kill the person with whom one disagrees.

A sentence of imprisonment provides meaningful deterrence while remaining proportionate to the circumstances of this particular defendant.

**C. Protection of the public**

The United States recognizes the psychological evaluation indicating that Defendant presents a low risk of imminent physical violence, particularly if he remains compliant with court orders, avoids alcohol-related disinhibition, and participates in appropriate treatment.

That assessment is mitigating. It does not, however, eliminate the relevance of the identified risk factors, which include angry or impulsive threatening communications, emotional dysregulation, perceived grievance, and alcohol-related disinhibition.

The United States' recommendation of three months' imprisonment, followed by supervised release and appropriate conditions, addresses both the seriousness of the conduct and the need to reduce the likelihood of recurrence.

**D. Defendant's history and characteristics**

The United States gives substantial weight to Defendant's age, remote and limited criminal history, acceptance of responsibility, treatment, sobriety, psychological evaluation, and other rehabilitative efforts.

These considerations are precisely why the United States is recommending three months rather than the six-month upper end of the advisory range.

**E. The sentence requested by the Government is proportionate**

The victim has requested a sentence of 12 months' imprisonment followed by three years of probation. The United States recognizes the victim's position and the serious consequences described in his victim impact statement.

The United States, however, has independently evaluated the appropriate sentence under § 3553(a). A three-month sentence gives substantial consideration to Defendant's mitigating circumstances while recognizing that probation alone would not adequately reflect the seriousness of the offense or provide sufficient deterrence.

Three months is in the middle of the advisory guideline range. It is therefore a measured sentence that falls comfortably within the applicable guideline range while providing a meaningful sanction for the conduct.

**VII. CONCLUSION**

For the foregoing reasons, and after considering the advisory Sentencing Guidelines, Defendant's history and characteristics, the victim's impact statement, and the factors set forth in

18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of three months' imprisonment, followed by an appropriate term of supervised release and such other conditions as the Court deems appropriate.

August 31, 2026

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: Juan A. Albino
JUAN A. ALBINO
Assistant United States Attorney
SDFL Court ID No. A5503412
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Tel: (561) 820-8711
Email: juan.albino@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification to the attorneys of record.

Juan A. Albino
JUAN A. ALBINO
Assistant United States Attorney